UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CHEN XIAOXIA dba Laohuli2021, an unknown individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE UNDER RULE 4(f)(3) (DOC. NO. 5)**<br><br>Case No. 2:22-cv-00765<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff DP Creations, LLC dba Bountiful Baby ("Bountiful Baby") filed a Motion for Alternative Service.[1] Bountiful Baby alleges Defendant Chen Xiaoxia makes and sells unauthorized copies of its copyrighted sculptures on Amazon, an online marketplace.[2] Bountiful Baby seeks leave to serve Chen Xiaoxia (who it believes to be a foreign individual located in Taiwan) by email under Rule 4(f)(3) of the Federal Rules of Civil Procedure.[3] Because service by email is reasonably calculated to provide Chen Xiaoxia with actual notice of this action, Bountiful Baby's motion is granted.

## LEGAL STANDARDS

Rule 4(f) of the Federal Rules of Civil Procedure governs service of an individual located outside the United States.[4] Rule 4(f) permits such individuals to be served:

---

[1] (Mot. for Alternative Service Under Rule 4(f)(3) ("Mot."), Doc. No. 5.)

[2] (Compl. ¶ 6, Doc. No. 2.)

[3] (Mot. 3, Doc. No. 5; *see also* Compl. ¶ 5, Doc. No. 2.)

[4] Fed. R. Civ. P. 4(f).

1

>(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
>(2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>(C) unless prohibited by the foreign country's law, by:
>>>(i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>(3) by other means not prohibited by international agreement, as the court orders.[5]

The complaint refers to Chen Xiaoxia as an "individual" in the caption, then as both an "unknown business entity" and a "foreign national."[6] Rule 4(h) of the Federal Rules of Civil Procedure governs service of a "foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name."[7] This rule provides that such entities may be served outside the United States in the manner prescribed by Rule 4(f) for service of individuals outside the United States, except personal delivery under subsection (f)(2)(C)(i).[8] Thus, the other provisions of Rule 4(f) apply regardless of whether Chen Xiaoxia is a business entity or an individual.

---

[5] *Id.*

[6] (Compl. ¶ 5, Doc. No. 2.)

[7] Fed. R. Civ. P. 4(h).

[8] *See* Fed. R. Civ. P. 4(h)(2).

2

Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3).[9] The relevant inquiry under Rule 4(f)(3) is whether the requested method of service is "prohibited" by international agreement, including the Hague Convention.[10] A method of service authorized under Rule 4(f)(3) must also comport with constitutional notions of due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond."[11]

## ANALYSIS

Bountiful Baby requests leave to serve Chen Xiaoxia by email.[12] According to Bountiful Baby's complaint and attached exhibits, Chen Xiaoxia self-identified as an individual in Taiwan in response to Bountiful Baby's infringement notification submitted to Amazon, and also provided the email address laohuli7890317@163.com.[13]

Bountiful Baby has demonstrated service by email comports with Rule 4(f)(3) in this case. Taiwan is not a signatory to the Hague Convention or any other international agreement

---

[9] *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–15 (9th Cir. 2002); *The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020) (unpublished).

[10] *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props.*, 284 F.3d at 1015 n.4; *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *9.

[11] *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12 (quoting *Rio Props.*, 284 F.3d at 1017); *see also Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-cv-02754, 2012 U.S. Dist. LEXIS 5166, at *10 n.1 (D. Colo. Jan. 17, 2012) (unpublished) ("Many courts have also required that the plaintiff make some showing that it is reasonably likely that the defendant will actually receive email communications at the email address in question.").

[12] (Mot. 3, Doc. No. 5.)

[13] (Compl. ¶ 5, Doc. No. 2; Ex. E to Compl., Doc. No. 2-5.)

3

that governs service of process.[14] Therefore, the method of service requested by Bountiful Baby is not prohibited by international agreement. And where Chen Xiaoxia provided an email address in response to Bountiful Baby's infringement notification, service by email to this address is reasonably calculated to provide Chen Xiaoxia with actual notice of this action. Accordingly, service via the requested method comports with due process as required under Rule 4(f)(3).[15]

## CONCLUSION

Bountiful Baby's motion for alternative service[16] is granted, and the court ORDERS that Bountiful Baby may serve Chen Xiaoxia as follows:

1. By emailing the summons, the complaint, and a copy of this order to Chen Xiaoxia at laohuli7890317@163.com three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from Chen Xiaoxia acknowledging receipt of service).

2. The subject line of each email shall include: "Service of Federal Court Summons and Complaint as Ordered by the Court."

---

[14] *See Chung v. Chung Peng Chih-Mei*, No. 22-cv-01983-BLF, 2022 U.S. Dist. LEXIS 223933, at *6 (N.D. Cal. Dec. 12, 2022) (unpublished); *see also* Hague Conference on Private International Law website, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

[15] *See The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *12 (finding service by email to "the email addresses that Defendants designated on their websites for contacting them" comported with due process under Rule 4(f)(3)).

[16] (Doc. No. 5.)

3. Upon completion of these steps, service shall be deemed complete, and Bountiful Baby shall file proof of compliance with the court's order.

DATED this 25th day of January, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge