IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br>v.<br><br>CHEN XIAOXIA dba LAOHULI2021, an unknown individual,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION<br><br>Case No. 2:22-CV-00765-TS-DAO<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This matter comes before the Court on Plaintiff's Motion for Default Judgment and Permanent Injunction.[1] Plaintiff properly served Defendant Chen Xiaoxia dba LAOHULI2021, who has since failed to plead or otherwise appear and defend against Plaintiff's Complaint. The Clerk of Court entered a Default Certificate against Defendant on March 27, 2023,[2] and Plaintiff filed this Motion on May 8, 2023. Based on the Motion and good cause appearing, the Court will grant Plaintiff's Motion for Default Judgment. Plaintiff seeks an award for $450,000 in statutory damages, attorneys' fees and costs in the amount of $6,439.50, and a permanent injunction against Defendant. Based on the following, the Court will grant the request for damages and attorneys' fees and costs, and enter a permanent injunction against the Defendant.

---

[1] Docket No. 17.

[2] Docket No. 13.

1

A.  DAMAGES

Plaintiff seeks statutory damages for Defendant's copyright infringement of Plaintiff's

Asserted Copyrights for its "Tessa Sleeping"[3] reborn doll components, U.S. Copyright

Registration Nos. VA 2-297-192 (head), VA 2-297-184 (arms), VA 2-297-238 (legs). Pursuant

to 17 U.S.C. § 504(c)(1), a "copyright owner may elect . . . to recover . . . an award of statutory

damages for all infringements involved in the action . . . in a sum of not less than $750 or more

than $30,000 as the court considers just." However, if the plaintiff proves that the infringement is

willful, a court may increase an award of statutory damages to not more than $150,000.[4] "In

order to show that infringement was willful, the plaintiff must prove that defendant either knew

his or her conduct constituted copyright infringement or recklessly disregarded the possibility

that his or her conduct constituted copyright infringement."[5] Statutory damages are calculated

based on the number of works infringed.

Plaintiff's Complaint alleges that Defendant engaged in willful infringement by

submitting false counter-notifications to maintain their infringing listing on Amazon after

Plaintiff reported it as counterfeit and submitted copyright complaints to Amazon. Courts in the

District of Utah have concluded that similar conduct constitutes willful infringement.[6]

---

[3] Docket No. 18 ¶¶ 9–10.

[4] 17 U.S.C. 504(c)(2).

[5] *Nunes v. Rushton*, No. 2:14-cv-627-JNP-DBP, 2018 WL 2214593, at *1 (D. Utah May 14, 2018) (collecting cases and a treatise).

[6] *DP Creations, LLC v. Lyn*, No. 2:22-cv-00200-BSJ, 2022 WL 17821681, at *2 (D. Utah Dec. 20, 2022) ("[W]hen confronted with its counterfeiting, the Defendant submitted false copyright Counter-Notifications to Etsy to maintain its infringing listings. The Court finds this is evidence of willfulness: when confronted with its bad acts, the Defendant brazenly (and wrongfully) made false statements."); *DP Creations, LLC v. Li*, No. 2:22-cv-00337-TC, 2022 WL 17620377, at *2 (D. Utah Dec. 13, 2022) (concluding similarly that when a defendant submitted false counter-notifications, the copyright infringement was willful).

Accordingly, the Court agrees this demonstrates that the Defendant willfully infringed on

Plaintiff's three copyrights by submitting false statements when confronted. Plaintiff is therefore

entitled to increased damages.

To determine the appropriate amount of statutory damages in a copyright infringement

case, a court considers the following factors:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff;
> (3) the value of the [copyright]; (4) the deterrent effect on others besides the
> defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether
> a defendant has cooperated in providing particular records from which to assess the
> value of the infringing material produced; and (7) the potential for discouraging the
> defendant.[7]

Turning to the first three factors, in their Complaint and Motion, Plaintiff acknowledges

that Defendant's total profits from the counterfeit product listing are unknown, but estimates that

it loses up to $10,000 per day to counterfeiters.[8] Further, Plaintiff states that it has invested

millions of dollars in technology and equipment for Bountiful Baby's reborn doll business and

by infringing on its finished products, the Defendant has saved millions of dollars in product

development costs.[9] While Defendant's profits are unknown, the Court finds these factors weigh

in favor of awarding substantial statutory damages, based on the alleged value of the copyrights,

the purported revenues lost by Plaintiff, and the expenses saved by Defendant.

---

[7] *Klein-Becker USA, LLC v. Englert*, No. 2:06-CV-378 TS, 2011 WL 147893, at *14
(Jan. 18, 2011) (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir.
1986)); *see also DP Creations, LLC v. Reborn Baby Mart*, 2:21-cv-00574-JNP, 2022 WL
3108232, at *7 (D. Utah Aug. 3, 2022) ("The most common listed of factors recited" include
"the relationship between the statutory damages sought and any actual damages or profits,
whether the infringement was willful or innocent, the need for deterrence, defendant's past
infringement record, defendant's cooperation after the matter was brought to its attention, and
the scope of the infringement.") (quoting 6 PATRY ON COPYRIGHT § 22:174).

[8] Docket No. 18 ¶ 7.

[9] *Id.* ¶¶ 5,7.

Next, as determined above, Defendant's infringement was willful. Plaintiff asserts that "a harsh deterrent is warranted" to "send the message that counterfeiting Bountiful Baby reborn dolls is unacceptable and has serious consequences."[10] Plaintiff notes that it loses $10,000 a day to counterfeiters and has recently filed a number of lawsuits involving counterfeiting of its reborn doll products in the District of Utah.[11] Defendant was not previously deterred by Plaintiff submitting copyright complaints to Amazon, nor by Plaintiff filing suit as Defendant failed to answer or otherwise appear. These facts weigh in favor of more substantial damages award to both deter Defendant and others from engaging in similar copyright infringement.

The factors involving Defendant's past infringement record and the scope of the infringement do not weigh in favor or against the award of substantial statutory damages. Much of this data is within the Defendant's control and therefore not available given their lack of participation.

Therefore, the Court finds that an award of $150,000 in damages per work is warranted based on the uncontroverted facts supporting Defendant's willful infringement and lack of cooperation, and to deter future infringement. As such, Plaintiff is entitled to a total of $450,000 in statutory damages from the Defendant.

## B. ATTORNEYS' FEES

Plaintiff seeks attorneys' fees in the amount of $6,037.50 and costs in the amount of $402.00 associated with the present litigation. Under 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs . . . . [and] may also award a reasonable attorney's fee to the

---

[10] Docket No. 17, at 18.

[11] *See e.g.*, *Reborn Baby Mart*, 2022 WL 3108232; *Li*, 2022 WL 17620388; *Lyn*, 2022 WL 17821681; *DP Creations, LLC v. Adolly.com*, No. 2:22-cv-00230-DB, 2022 WL 18087198 (D. Utah Nov. 2, 2022).

prevailing party as part of the costs." In support of the request, Plaintiff's counsel submitted a

declaration, including a spreadsheet of the fees and costs, billing rates, and statement that the

rates charged are reasonable given the attorney and paralegal's experience, and the scope and

complexity of the case.[12] "Under the Copyright Act, an award of fees is appropriate to promote

the goal of deterrence where the evidence supports a finding of willfulness."[13] As the Court

concluded above, the evidence here supports that Defendant acted willfully in infringing on the

three copyrighted works, and as the prevailing party, Plaintiff is entitled to attorneys' fees and

costs in the amount of $6,439.50.

   C.  PERMANENT INJUNCTION

     Plaintiff seeks a permanent injunction to prevent further infringement by Defendant.[14]

Pursuant to 17 U.S.C. § 502(a), a court may "grant temporary and final injunctions to such terms

as it may deem reasonable to prevent or restrain infringement of a copyright." To obtain a

permanent injunction, a party must prove: "(1) actual success on the merits; (2) irreparable harm

unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction

may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the

public interest."[15]

     Here, Plaintiff demonstrated Defendant's liability and therefore, success on the merits.

Under the second prong, "irreparable harm findings are based on such factors as the difficulty in

calculating the damages, the loss of a unique product, and existence of intangible harms such as

---

[12] Docket No. 19.

[13] *Reborn Baby Mart*, 2022 WL 3108232, at *9 (quoting *Tu v. TAD Sys. Tech. Inc.*, No. 08-cv-3822, 2009 WL 2905780, at *8 (E.D.N.Y. Sept. 10, 2009)).

[14] Docket No. 17, at 19.

[15] *Sw. Stainless, LP v. Sappington*, 582 F.3d 1177, 1191 (10th Cir. 2009) (internal quotation marks and citation omitted).

loss of goodwill or competitive market position."[16] "A district court may find irreparable harm based upon evidence suggesting that it is impossible to precisely calculate the amount of damage plaintiff will suffer."[17] Plaintiff asserts that Defendant's actions have caused "extraordinary harm to Bountiful Baby's reputation and goodwill and [] undermined the value of its business in Utah."[18]  Plaintiff also states that the total amount of lost sales due to counterfeiters is unknown.[19] Based upon these assertions, the Court finds that Plaintiff has demonstrated irreparable harm unless the injunction is issued.

Turning to the third prong, "[p]roducing and selling counterfeit goods is illegal. There can be no cognizable harm to the Defendant[] by the issuance of an order requiring them not to break the law."[20] There is no hardship to Defendant because a permanent injunction will prevent them from engaging in further illegal activity. Further, under the fourth prong, issuing a permanent injunction will not adversely affect the public interest as "it will protect copyrighted material and encourage compliance with the Copyright Act."[21] Therefore, the Court will grant the permanent injunction.

It is therefore

ORDERED that Plaintiff's Motion for Default Judgment is GRANTED. It is further

---

[16] *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1264 (10th Cir. 2004).

[17] *Sw. Stainless*, 582 F.3d at 1191 (citation omitted).

[18] Docket No. 18 ¶ 12.

[19] *Id.* ¶ 7.

[20] *Klein-Becker USA, LLC v. Tahini*, No. 2:07-cv-521 DB, 2008 WL 11340043, at *3 (D. Utah Aug. 15, 2008).

[21] *Reborn Baby Mart*, 2022 WL 3108232, at *8 (citation omitted).

ORDERED that default judgment be entered against Defendant in the total amount of $450,000. It is further

ORDERED that attorneys' fees and costs be entered against Defendant in the total amount of $6,439.50. It is further

ORDERED that

(1) Defendant Chen Xiaoxia dba laohuli2021 and its agents, servants, employees, attorneys-in-fact, web hosting providers, domain name registrars, and persons in active concert or participation with them who receive actual notice of this Permanent Injunction are hereby permanently enjoined and restrained from:

(a) using any copyrighted works owned by Bountiful Baby in connection with the sale, offer for sale, promotion, marketing, or advertisement of any product; and

(b) selling any products expressly copyrighted by Bountiful Baby.

(2) Bountiful Baby shall serve certified copies of this Permanent Injunction as follows:

(a) on the Defendant at the following email address: laohuli7890317@163.com.

(b) Persons in active concert or participation with Defendant may be served with a copy of this Permanent Injunction. Bountiful Baby shall file a certificate of service confirming service on such entities.

It is hereby further

ORDERED that this Permanent Injunction shall be, and is binding upon the Defendant, and each of its agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Permanent Injunction, effective immediately upon entry of this Permanent Injunction. The Court shall maintain jurisdiction over this action for purposes of this Permanent Injunction.

7

DATED this 6th day of June, 2023.

BY THE COURT:

_____

TED STEWART
United States District Judge